GLADYS LOWERY, Appellant, v. SYRACUSE UNIVERSITY, Respondent.— Judgment and order affirmed, with costs. Memorandum: While we do not approve of the admission of opinion evidence on the question as to whether the number of policemen, assigned to and on duty at defendant's stadium on the occasion when the plaintiff-wife received injuries, was adequate, we believe that no prejudicial error resulted therefrom. The issues were submitted to the jury in a fair and impartial charge, to which plaintiff neither objected nor excepted, and the verdict finds ample support in the evidence. All concur, Lewis, J., in the following memorandum: I do not share the view of a majority of the court that the opinion of defendant's witness McCarthy, as to the adequacy of the number of police officers assigned to duty and present at defendant's stadium at the time of plaintiff's accident, was improperly received. The control of a great number of spectators gathered at an outdoor public athletic event, such as the plaintiff was attending, has become a science in which persons, by long experience or study, may gain skill and knowledge beyond that possessed by jurors of average intelligence, thus qualifying them as experts to give opinion evidence upon the subject. (*Ferguson v.*

*Hubbell*, 97 N. Y. 507, 513.) Testing the record by the rule of the *Ferguson case* (*supra*), I find proof that the witness McCarthy, by long experience in the control of crowds, had gained knowledge and skill sufficient to qualify him as an expert and made competent his opinion upon the subject as to which he was questioned; except Dowling, J., who dissents and votes for reversal on the law and facts and for granting a new trial on the ground that the verdict is contrary to and against the weight of the evidence. (The judgment is for defendant in a negligence action. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.